The Honorable Russell Bennett State Representative 98 Lafayette 44 Lewisville, Arkansas 71845
Dear Representative Bennett:
This is in response to your request for an opinion on the following question:
 Arkansas Code 14-284-201 provides that in order to avoid the duplication of fire protection services, fire protection districts established under the subchapter shall be established for the primary purpose of providing fire protection in rural areas for buildings, structures, and other man-made improvements. The provision also provides that nothing in the subchapter shall be construed to relieve the Arkansas Forestry Commission of responsibility for providing fire protection for forest lands. My question is whether a landowner within the fire protection district is required to pay the assessment if the property contains no buildings, structures or other man-made improvements and the landowner is already paying a fee for protection services from the Arkansas Forestry Commission.
The amounts assessed by fire protection districts under A.C.A. §14-284-201 to -225 are levied in one of two ways. The original way, first enacted when the subchapter was adopted in 1979, is for districts to "assess the annual benefits to the lands within the district." A.C.A. §14-284-212(c). A board of three assessors determines the benefits accruing to each parcel. A.C.A. § 14-284-212(b). Such assessments are collected with the county taxes. See A.C.A. § 14-284-215(b).
A second way fire protection districts levy assessments is through the imposition of a "flat fee." Legislation adopted in 1989 (Act 648 of 1989), authorized districts formed after July 3, 1989 to levy a flat fee per parcel of land located within the district as an alternative to the assessment of benefits. See former A.C.A. § 14-284-212(g). The Act authorized the boards of such districts to establish "a different fee for commercial property than for residential property." Acts 1989, No. 648, § 2. The 1989 act did not mention unimproved property.
A 1995 act amended the provisions authorizing the levy of a "flat fee."See Acts 1995, No. 766. That act authorized districts formed after July 3, 1995 to levy a flat fee "per parcel" or "per landowner." A.C.A. §14-284-212 (g) ((1)(A). The Act states that the board of commissioners of such a district "may establish a different flat fee for the classification of property as commercial property other than for residential property and a different flat fee for the classification of property as unimproved property." A.C.A. § 14-294-212(g)(1)(B). This act therefore expressly recognizes the right to levy a fire protection district fee on unimproved property.[1]
It is my opinion, after a review of the subchapter as a whole, that the law authorizes a fire protection district to levy an assessment, or a flat fee (depending upon the particular district at issue), on unimproved property. The subchapter states, as it's "primary" purpose the provision of fire protection services in rural areas for buildings, structures and other man-made improvements. A.C.A. § 14-284-201(b). It does not state that this is the district's "sole" purpose. The subchapter contemplates the creation of a geographic district or area of land to be included with the fire protection district. Such a geographic area may well include unimproved property within its ambit. A reading of the subchapter as a whole, in my opinion, leads to the conclusion that even unimproved land included within the district is subject to assessment. Indeed, districts created after July 3, 1995 are expressly authorized to levy a flat fee against unimproved property.
The benefits accruing to unimproved property, may, however, be much less than those accruing to improved property, whether residential or commercial. One of my predecessors addressed a similar question in 1988, in Op. Att'y. Gen. 88-038. The question posed therein was whether a fire protection district may properly levy assessed benefits against inaccessible property that does not have a building or structure or other man-made improvement thereon. The opinion states:
 It may be successfully contended in this instance that no benefit has accrued to this property from the fire protection services provided by the district. However, it must be noted that this is essentially a question of fact to be decided through the review process set forth under Section 11 of the Act. (A.C.A. § 14-284-213). Complaints against the assessment are to be made at the meeting of the board of assessors, the date of which is specified in the required notice. See 14-284-213 (a) (b). Suit must then be brought in chancery court within thirty (30) days of the assessor's determination, otherwise the assessment will be final under 14-284-213(b).
In my opinion, unimproved property is subject to assessments by the fire protection district, but the amount of the assessment may be challenged as indicated above.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Another portion of the act authorized flat fees levied by fire protection districts to be collected with the county taxes. A.C.A. §14-284-212(b).